UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY PETERKIN,

                          Plaintiff,

v.                                                        5:24-CV-0377
                                                               (GTS/TWD)

M. MULLIN, Sr. Parole Officer, in his official capacity;
and M. DELANEY, NYSDOCCS, Parole Officer, in his
individual capacity,

                          Defendants.
_____

APPEARANCES:

ANTHONY PETERKIN
  Plaintiff, *Pro Se*
29613 Route 12, Apt. 7
Watertown, New York 13601

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

        Currently before the Court, in this *pro se* civil rights action filed by Anthony Peterkin

("Plaintiff") against the two above-named parole officers ("Defendants"), is United States

Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that

Plaintiff's Complaint be *sua sponte* dismissed with leave to amend for failure to state a claim,

and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 4, 5.)

        Even when construed with the utmost of special leniency, Plaintiff's Objection does not

identify with particularity (1) any portion of the Report-Recommendation to which he has an

objection and (2) the basis for that objection. (*See generally* Dkt. No. 5.)[1] As a result, Magistrate Judge Dancks' Report-Recommendation is subject to only a review for clear error.[2]

After carefully reviewing the relevant papers herein, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only two brief points.

First, Magistrate Judge Dancks' thorough and correct Report-Recommendation would survive even a de novo review.

Second, rather than wait for the undersigned's ruling on Magistrate Judge Dancks' Report-Recommendation, Plaintiff has attempted to file, along with his Objection, a document

---

[1] When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

that he labels as his "Amended Complaint."  (Dkt. No. 5.)  This act has complicated matters because, even assuming Plaintiff had an absolute right to file such an Amended Complaint under Fed. R. Civ. P. 15(a)(1) despite that he had not yet served his Complaint,[3] an amended complaint supersedes an original complaint in all respects.[4]  This means that, arguably, Plaintiff's "Amended Complaint" has partially mooted Magistrate Judge Dancks' Report-Recommendation, which analyzed Plaintiff's *original* Complaint.

Out of a desire for judicial efficiency, the Court is tempted to apply the recommendations in the Report-Recommendation to Plaintiff's "Amended Complaint."  However, Plaintiff's "Amended Complaint" is fatally defective in three respects: (1) it is improperly co-mingled with his Objection; (2) while it contains a statement of factual allegations, it does not contain the other elements of a pleading (e.g., statement of the parties, a statement of the basis of jurisdiction, a

---

[3]     Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course ***within*** . . . 21 days after serving it . . . ."  Fed. R. Civ. P. 15(a)(1)(A) (emphasis added).  Here, Plaintiff never served his Complaint; thus, he is arguably not yet ***within*** the 21-day window in which he may filed an Amended Complaint as a matter of course.  *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never ***commenced***.") (emphasis added) *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within . . . 21 days after serving it.'  Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.").

[4]     *See Int'lControls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

statement of the claims, and a statement of the relief requested), as does his original Complaint, which was filled out on a court form (*compare* Dkt. No. 5 *with* Dkt. No. 1); and (3) it appears to rely on an incorporation of his original Complaint, in violation of Local Rule 15.1(a) of the Local Rules of Practice for this Court.  More importantly, the Court is mindful that it would hardly be an extension of special solicitude to Plaintiff to consider such a flawed document as his exercise of his absolute right to amend his Complaint once, when he has not yet had the benefit of the undersigned's ruling on Magistrate Judge Dancks' the Report-Recommendation.[5]  For all of these reasons, the Court will consider Dkt. No. 5 not as Plaintiff's Amended Complaint but only as his proposed Amended Complaint (which the Court finds to be insufficient for the reasons stated above).

    **ACCORDINGLY**, it is

    **ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

    **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **shall be *sua sponte* <u>DISMISSED</u> with prejudice** and without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** correcting the pleading defects identified in the Report-Recommendation; and it is further

    **ORDERED** that any Amended Complaint filed by Plaintiff must be a complete pleading

---

[5]     *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

that replaces in its entirety, and does not incorporate by reference any portion of, his original Complaint; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within the thirty (30) day time period, the Amended Complaint be returned to Magistrate Judge Dancks for further review pursuant to 28 U.S.C. § 1915.

Dated: September 23, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge